THE DELAFIELD CONSTRUCTION COMPANY, PLAINTIFF
IN ERROR, v. JAMES R. SAYRE, JR., ET AL., DEFEND-
ANTS IN ERROR.

Suits to ascertain and enforce the liens given by the act of March 30th,
1892 (*Gen. Stat.*, p. 2078), must be brought in the Court of Chancery.

On error to the Essex Circuit Court.

For the plaintiff in error, *Chauncey G. Parker.*

For the defendants in error, *Edward M. Colie.*

The opinion of the court was delivered by

DIXON, J.   This suit is one of several brought in the
Essex Circuit Court against the plaintiff in error, the city of
Orange and numerous persons having claims similar to that
of the plaintiff below, to enforce liens upon a debt due from
the city of Orange to the plaintiff in error, under the "Act to
secure the payment of laborers, mechanics, merchants, traders
and persons employed upon or furnishing materials toward
the performing of any work in public improvements in cities,
towns, townships and other municipalities in this state,"
approved March 30th, 1892.    *Gen. Stat.*, p. 2078.

The chief assignment of error questions the jurisdiction of
the Circuit Court, the contention being that the act confers
the jurisdiction on the Court of Chancery alone.

On examining the statute it is perceived that, while it pro-
vides for a civil action, it does not in explicit terms declare
where that action shall be brought.   Nor do the names used
in relation to the procedure indicate the appropriate tribunal,
for, while some of them, *e. g.*, summons, judgment, point to
courts of law, others, *e. g.*, answer, appeal, point to the Court
of Chancery.   The enactment that, when separate actions are
commenced, the court in which the first action is brought may
consolidate them, is more significant, because it suggests the

possibility of suits being instituted in several courts, and in this state there is but one Court of Chancery. But since there is in our law no mode provided for consolidating actions pending in different tribunals, this enactment is futile, and should not be deemed of controlling force as an indication of the legislative purpose with regard to the court whose jurisdiction was to be invoked. It is only a circumstance to be considered in the inquiry. It loses some of the force to which it might otherwise be entitled when we discover that our act is copied almost *verbatim* from a statute of New York (*N. Y. Laws of* 1878, *ch.* 315), where there is no Court of Chancery and where legal and equitable remedies are administered by the same tribunals. In that state this provision may have had a sensible meaning, even though the actions to be brought were purely equitable, and it appears in our statute merely because the copyist lacked either the knowledge or the forethought needed to suggest terms adapted to our judicial system.

The safest guide for ascertaining the tribunal in which the legislature designed that the right given by this statute should be enforced, is to be found by considering the nature of the right and the main features of the remedy proposed.

The right is one granted to those who perform labor or furnish materials in the making of a public improvement in any of the municipalities of this state, and it consists of a lien upon the money in the control of the municipality due or to grow due for such improvement, to the contractor who owes for such labor or materials. After the claimant has perfected his lien by filing due notice of his claim with the proper officers of the municipality, he is to enforce it by a civil action, in which the municipality, the contractor, and all persons who may have in like manner secured liens on the same fund, are to be made defendants, and in that action the court is to determine the validity of each lien claim, the amount due upon it and the amount due to the contractor from the municipality, and is to render judgment directing the municipality to pay over to the several lienors the sums found to be due to them

respectively, so far as the fund will go, and according to the priority prescribed by the act. The statute also authorizes the contractor or the municipality to institute a similar action for the determination of the claims, bringing before the court all persons interested in the disposition of the fund. There is no provision for a personal judgment against the contractor as a debtor, but the right of the claimants to obtain such judgments against him in other actions is expressly preserved.

Such suits as this statute contemplates are unknown in courts of the common law. There is a slight resemblance between them and proceedings by attachment and to enforce the statutory lien of mechanics and materialmen against real estate, but these proceedings are much simpler and are brought in the legal tribunals by express direction of the legislature.

On the other hand, the remedy now under consideration comes completely within the ordinary remedial functions of the Court of Chancery. One class of cases over which its jurisdiction extends is thus described by Professor Pomeroy : " Those cases in which the relief is not a general pecuniary judgment, but is a decree for money to be obtained and paid out of some particular fund or funds. * * * They assume that the creditor has, either by operation of law, or from contract, or from some acts or omissions of the debtor, a lien, charge or encumbrance upon some fund or funds belonging to the latter, either land, chattels, things in action, or even money; and the form of the remedy requires that this lien or charge should be established and then enforced, and the amount due obtained by a sale, total or partial, of the fund, or by a sequestration of its rents, profits and proceeds. * * * There is also another species of pecuniary remedies, closely analogous to the last, and differing from it only in the additional element of a distribution of the final pecuniary awards among two or more parties having claims either upon one common fund or upon several funds. The final relief in all these cases is simply pecuniary; the amounts to which the different parties are entitled are ascertained, and are obtained

by a distribution of the fund or funds upon which they are chargeable." 1 *Pom. Eq. Jur.* 95.

The aptness of this description to the case in hand is clear, and we are thereupon led to the conclusion that it was the purpose of the legislature to have the actions which this statute authorized brought within that tribunal where such jurisdiction was normally exercised, viz., the Court of Chancery.

This conclusion is strengthened when we notice that suits under the New York prototype are called actions to foreclose liens and are tried at special term—the session of the New York courts in which equitable remedies are administered. *Powers* v. *City of Yonkers*, 114 *N. Y.* 145.

The judgment of the Circuit Court should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON. 12.