FERGUS T. KELAHER

*v.*

RICHARD ENGLISH and THE MAYOR AND ALDERMEN OF JERSEY CITY.

[Filed December 23d, 1901.]

Equity will not take jurisdiction of a bill to enforce a lien for only $25 under *Gen. Stat. p. 2078,* though the chancery court is the only court having jurisdiction of proceedings under the act.

---

On motion to strike out bill.

*Messrs. Fagen & Murphy,* for the complainant.

*Messrs. Corbin & Corbin,* for the defendants.

STEVENSON, V. C.

This bill is filed to enforce a lien for $25 upon a debt due from the defendant Jersey City to the defendant English, under the provisions of the

"Act to secure the payment of laborers, mechanics, merchants, traders and persons employed upon or furnishing materials toward the performing of any work in public improvements in cities, towns, townships and other municipalities in this state," approved March 30th, 1892. *Gen. Stat. p. 2078.*

The defendants move to strike out the bill, under rule 213, specifying two grounds of objection, only one of which was argued. This objection is that the suit, not being "founded on fraud or brought to establish a right of a permanent nature," involves too trifling an amount to receive consideration from this court. *Swedesborough Church* v. *Shrives, 1 C. E. Gr. 453; Allen* v. *Demarest, 14 Stew. Eq. 162; Brokaw* v. *Brokaw, 14 Stew. Eq. 215, 222; Frenche* v. *The Chancellor, 6 Dick. Ch. Rep. 624; Ocean City Railroad Co.* v. *Bray, 10 Dick. Ch. Rep. 101.*

The court of errors and appeals having decided that suits to ascertain and enforce the lien given by the above-mentioned statute must be brought in the court of chancery (*Delafield Construction Co.* v. *Sayre, 31 Vr. 449*), it is insisted that this court is obliged to take jurisdiction of all claims which, without regard to their pecuniary amount, come within its provisions; that otherwise no lien for less than $50 could be established and enforced under the act in any court; that the lien is given for the benefit of persons, including particularly laborers, to whom small amounts are often due, and that therefore the legislative intent must have been to provide a lien to aid such small recoveries.

I can see no indication in this act of any legislative intent to abolish the ancient rule above referred to, which protects this court, and, what is of more importance, protects defendants against "expensive and mischievous litigation about trifling matters which, in consequence of the insignificance of the amount involved, would do the parties themselves more harm than good." *Allan* v. *Demarest, supra.* Whenever the jurisdiction of the court of chancery is extended to a new class of subjects by legislation,

Kelaher *v.* English.

such extension, presumably, is made subject to the wise and necessary limitation contained in the above-mentioned rule. The machinery of the court of chancery is not adapted to the determination of controversies which involve merely a trifling sum of money—a sum less than $50. Conceding that the legislature, when dealing with the subjects at present within the jurisdiction of this court, or when enlarging the jurisdiction of the court to new classes of subjects by such statutes as the one above cited, may abolish, in part or in whole, this useful limitation, such intent must be expressed; such intent should not be implied.

There are no special features of this particular lien law which indicate that it was not enacted with the above-mentioned protective limitation in view. The act does not impair any right or remedy which the laborer and materialman had before its passage. The court of chancery gets no jurisdiction to make any decree unless a lien is established. A statute merely providing an additional remedy by the creation of a lien, enforceable only in a suit in the court of chancery, does not seem to be applicable to cases where the expenses of the chancery suit would necessarily be many times the proceeds of the lien. Of what possible advantage could it be to a laborer to permit the filing of a bill in the court of chancery to obtain a final decree for the sum of $2 or any such small sum? His remedy is in the small cause court. If the legislature had intended to give the laborer or the mechanic a lien for his wages without regard to the amount, it would probably have provided for the enforcement of that lien through the cheaper and more convenient process of the courts sitting in each case where the subject-matter of the suit is located, and in an action in which, if no lien is established, a personal judgment for the debt can be rendered. The court of errors and appeals having ascertained (*Delafield Construction Co.* v. *Sayre, supra*) that the legislature did not mean to do this thing, the result is that a lien under the act can only be enforced in accordance with the general rules which regulate the exercise of the jurisdiction of the court of chancery.

I shall advise that the bill be dismissed.