B. & S. EXCAVATING AND CONSTRUCTION COMPANY, A CORPORATION, PLAINTIFF, v. ANGELO PAINO CONSTRUCTION CORPORATION AND UNION INDEMNITY COMPANY, DEFENDANTS.

Decided January 15, 1932.

For the plaintiff, *Heller & Boss.*

For the defendants, *McDermott, Enright & Carpenter.*

MACKAY, S. C. C.   On or about December 1st, 1930, defendant Angelo Paino Construction Corporation entered into a contract with the plaintiff B. & S. Excavating and Construction Company, whereby the plaintiff agreed to do subcontract work for the defendant contractor as a result of an original contract entered into between the defendant contractor and the borough of Plainfield. In January, 1931, plaintiff entered into a further contract with the defendant contractor for additional work to be performed for the borough of Plainfield.

Plaintiff claims to have completed all of the work necessary to be done. Plaintiff further charges defendant contractor with negligence in maintaining equipment on the job which prevented the plaintiff from completing certain portions of its work. The damage in this connection because of negligence and carelessness is $2,500.

Plaintiff claims that on April 23d, 1931, pursuant to statute, it filed a municipal lien with the borough of Plainfield. Thereafter and in accordance with the statute, the defendant Union Indemnity Company entered into a bond

with the defendant contractor, which bond was filed with the borough of Plainfield and thereupon the lien filed by the plaintiff was re-placed by the bond which was filed.

Under the terms of the bond the defendant Union Indemnity Company agreed to pay any amount found to be due from the defendant contractor to the plaintiff herein.

Plaintiff asks for judgment against the defendants, contractor and bondsman. Counsel for defendants moves to strike out the complaint on several grounds:

1. That it is multifarious.

2. That it joins several actions in one complaint.

3. That it does not set forth a cause of action against the defendants or either of them.

Counsel for defendants do not argue these three separate questions under separate heads, simply present one complete argument on these points.

I am inclined to believe the complaint is multifarious but that objection would not compel me to strike it out. I could permit attorneys for plaintiff to amend the pleadings in accordance with the proper practice.

The second objection seems to be well taken but even that would simply mean an amendment to the pleadings so as to put them in proper form for trial.

The third point is not well taken as to both defendants. Nevertheless, I think it will be well to express my views.

Under the Mechanics' Lien law a plaintiff sub-contractor has the right to serve notice upon the municipality to retain moneys. This notice acts as an assignment of any moneys in its hands due or to grow due to the contractor. The remedy on a stop-notice is by action at law.

The case of *Arzonico et al.* v. *Board of Education of the Town of West New York,* 75 *N. J. L.* 21, holds:

"A municipal board, in making a contract for the erection of a municipal building, acts as the agent of the municipality, and the contract into which it enters is the municipality's contract."

In the case of *Commonwealth Roofing Co.* v. *Riccio,* 81 *N. J. Eq.* 486, which was not against a municipal corpora-

tion but against an individual, the suit was commenced in the Court of Chancery and motion was made on behalf of the defendant to dismiss the bill on the ground that the complainant's remedy was at law. The learned vice-chancellor, who heard the application, overruled it holding that equity had concurrent, if not exclusive jurisdiction in such matters. Having so held, he thereupon, on his own motion, ordered that "the cause with the record thereof and all papers filed therein be transferred to the Hudson County Circut Court for hearing and determination pursuant to the provisions of 'The Transfer of Causes act [1912].'" The complainant sought a review of this order on the ground that the Court of Chancery should have retained jurisdiction of the cause and proceeded to final decree upon the merits. Chief Justice Gummere, speaking for the Court of Errors and Appeals, said :

"Had, then, the Court of Chancery jurisdiction of the subject-matter of this litigation? We think not. Under the Mechanics' Lien law the right of the original contractor to recover the contract price of the building from the owner is a legal right, and is only enforceable in courts of law. It is expressly so provided in the act itself. The giving of the notice provided by the third section of the act 'operates as an assignment *pro tanto* of the debt due from the owner to the contractor.' *Carlisle* v. *Knapp,* 51 *N. J. L.* 331; 17 *Atl. Rep.* 633. 'The object' of the provisions 'was to substitute a claim upon the fund belonging to the contractor for the lien of the laborers and materialmen upon the building and land, in cases where that lien was taken away by the filing of the contract pursuant to section 2' of the act. *Gardner & Meeks Co.* v. *Herold,* 76 *N. J. L.* 529, 530; 72 *Atl. Rep.* 24, 26. 'Upon' the giving of the 'notice' provided by it 'the workman or materialmen, to the extent of his demand, takes the place of the contractor.' *Reeve* v. *Elmendorf,* 38 *N. J. L.* 130. That an action at law by the laborer or materialman against the owner is a proper method of enforcing the right given by this section has never been a matter of doubt since a decision by this court in *Craig* v.

*Smith,* 37 *Id.* 549, as elaborated by Chief Justice Beasley in *Reeve* v. *Elmendorf, supra.* That it is the only method is clear, we think, from the extracts from the opinions cited; for, being the assignee *pro tanto* of the debt due from the owner to the contractor—taking the place of the contractor to the extent of his demand—the laborer or materialman is entitled to the same remedy for the collection of his debt, for the enforcement of his demand, that the statute gives the contractor [except as otherwise provided in the statute] and to no other." *Commonwealth Roofing Co.* v. *Riccio, supra.*

From the reasoning of this case just cited and the Arzonico case, *supra,* it would appear:

(1) That the action can be brought in a law court against the municipality.

(2) That an action at law is the only remedy.

(3) If, as stated in the Commonwealth case, *supra,* the person serving the stop-notice is put in the place of the contractor, that would mean that whatever remedy the contractor had the present plaintiff would have. The contractor, in case of non-payment, would have had a right to sue the borough of Plainfield. Therefore, the present plaintiff would have a right to sue the borough.

The bond, as I understand it, was given to protect the borough from this particular claim. In other words, the bondsman defendant agreed to save the borough harmless in the premises. If, therefore, there is a judgment against the borough, the bondsman would have no defense to an action but would be compelled to pay.

The result of all this reasoning is (1) that there is no breach of the bond at this time which permits the plaintiff to bring an action at law or otherwise, and (2) there is nothing to prevent the plaintiff from continuing the present action against the other defendant contractor alone. If, however, the plaintiff obtains a judgment against the contractor alone and the contractor is insolvent, there will be no judgment against the borough of Plainfield which it would be compelled to pay, and, therefore, there might be no breach of

the bond which would permit an action to be brought against the present defendant bondsman at a later date.

I have examined the case of *Agnew Co.* v. *Board of Education of the City of Paterson et al.,* 83 *N. J. Eq.* 49, 53, and do not believe that it supports the plaintiff in any manner in its argument. Where Vice-Chancellor Stevenson speaks about an action upon the word "bond" he also says "bond or otherwise." Apparently he did not intend to lay down the method of procedure that should be followed in the case similar to the present one. Probably what the vice-chancellor did mean was that sometime or other there might be a liability on the bond which would give a right of action but only after there was a default.

I will recommend the striking out of the Union Indemnity Company as a party defendant and permit plaintiff to amend its pleadings in case it desires to continue the action at law against the contractor alone. I believe the count for moneys due and the count for negligence should be separated under the rule or Practice act.