Hudson County Circuit Court.

PATRICK CONNELLY, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF, v. HUGH MONTAGUE & SON CO., INC., A CORPORATION OF NEW JERSEY, AND CITY OF BAYONNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Decided January 30, 1939.

For the plaintiff, *David M. Klausner*.

For the defendant, *Alfred Brenner*.

Brown, C. C. J.   The defendant city of Bayonne moves to strike the complaint in the above entitled cause on the ground that the Court of Chancery has exclusive jurisdiction to determine the matters alleged in the complaint and that this court is without jurisdiction.   In its complaint the plaintiff alleges that on June 29th, 1938, the defendant Hugh Montague & Son Co., Inc., as a general contractor, entered into a contract with the city of Bayonne for the construction of a transit shed at the Bayonne terminal.   On June 17th, 1938, the plaintiff, as a subcontractor, entered into a contract with the defendant general contractor for piling work to be furnished under the terms of the contract with the city.   The

plaintiff alleges it furnished some of the material and performed part of the work and was prevented by the general contractor from finishing the remainder. Damages are claimed for the work done and the losses incurred by the alleged interruption of the work by the general contractor. On July 28th, 1938, the plaintiff served and filed with the city in accordance with the provisions of the Municipal Mechanics' Lien law (*R. S.* 2:60-180), a notice of lien claim upon the funds held by the city. On August 15th, 1938, the general contractor and the Maryland Casualty Company entered into a bond with the city according to the provisions of *R. S.* 2:60-186, which bond was approved by the chief law officer and the financial officer of the city with whom it was filed. In the bond was recited the filing of the notice of the plaintiff's lien claim with the city and the bond contained the following condition:

"Now, Therefore, the condition of the above obligation is such that if the said Hugh Montague & Son Co., Inc., shall pay such sum as may be decreed to be due Patrick Connelly, Inc., under said claim, then this obligation shall be void, otherwise to remain in full force and virtue."

The complaint alleges that after the filing of the bond the city paid to the general contractor the funds upon which the plaintiff had filed a notice of lien claim and that the city "is therefore indebted to the plaintiff in the sum of $5,244.71" for which the plaintiff brings its suit. Under *R. S.* 2:60-184 of the Municipal Mechanics' Lien law the lien, when filed in accordance with that law, becomes "an absolute lien to the full value of the labor performed or materials furnished" upon the moneys due or to grow due under the contract made by the city with the general contractor and in the control of the city. By section 2:60-186, of the same act, it is provided in part: "The funds to which a lien has attached * * * may be released and paid to the contractor by the financial officer of the public agency upon the filing with such officer of a bond in double the sums of all claims filed under the provisions of this article against the contractor or the funds due or to grow due thereunder, and conditioned for the payment of

such sum as may be *decreed* to be due under such claim." This section of the Municipal Mechanics' Lien law plainly releases the moneys to which the lien was attached upon the filing of the bond. It does not discharge the lien. It authorizes the city to release the moneys due or to grow due to the general contractor upon the filing of the bond. The lien continues for procedural as well as all other purposes. The act also provides for the enforcement of the lien and the manner in which it may be discharged. Section 2:60-206 of the act provides in detail how the lien may be discharged and nowhere does the act provide for a discharge of the lien by the filing of a bond under section 2:60-186. It may be discharged by a certificate to that effect from the claimant; by lapse of time unless further time is allowed by an order of the Court of Chancery.; by satisfaction of a decree in an action to enforce the *lien* or *claim* or by final decree of the Court of Chancery in an action to enforce the lien. The law courts are not mentioned in the Municipal Mechanics' Lien act as a forum through which a discharge of the lien may be effected. The Court of Chancery is specifically granted jurisdiction by the act to discharge both the "lien" or "claim" and the act evidently contemplates the distinction as it refers to both lien and claim. The plaintiff's lien claim is allowed because of the statute. Such suits as the statute contemplates are unknown to the common law. Likewise the remedy, if it exists, must be found within the provisions of the statute.

The only personal action provided for by the statute is section 2:60-183 which gives the creditor a right of action against the person liable for the debt. In the case *sub judice* the plaintiff made its contract with the defendant general contractor. There was no privity of contract between the city of Bayonne and the plaintiff. The bond that was filed was made by the general contractor and a surety to the city and not by the city to the plaintiff. In all other cases the statute provides for the enforcement of a lien claim in the Court of Chancery. Section 2:60-194 provides not only that the lien claim against the fund in the hands of the public agency may be enforced but also "actions to *determine* or *terminate* said

liens may be brought in said court by the contractor, subcontractor or public agency." Section 2:60-201 provides in part that "The Court of Chancery *shall* determine the validity of the liens of the complainants and defendants and of *all* other liens which may be filed  *  *  *  and the amount due from the public agency to the contractor under the contract and from the contractor or subcontractor to the respective claimants." The Court of Chancery, by the expressed direction of the Municipal Mechanics' Lien law, is the exclusive forum provided for the determination of the validity of *all* lien claims and the amount due thereon, whether from the public agency to the general contractor or from such contractor to the subcontractor or other claimants. The only exception to this exclusive jurisdiction is in the case of a right of action in a creditor against the person liable for the debt. In the instant case that would be the plaintiff's action against the defendant general contractor. A question of jurisdiction in many respects similar to the one raised by the motion in this case was before the Court of Errors and Appeals in *Delafield Construction Co.* v. *Sayre*, 60 *N. J. L.* 449; 38 *Atl. Rep.* 666. There was involved in that decision the question of jurisdiction arising out of the "Municipal Lien act" of 1892. 3 *Comp. Stat., p.* 3315. It was held in that case the remedy came completely within the functions of the Court of Chancery. Evidently the act of 1892 was the forerunner of the present Municipal Mechanics' Lien law which is known as chapter 280, *Pamph. L.* 1918, *p.* 1041. The short title of which appears in the *R. S.* 2:60-180. A comparison of the act of 1892 with the Revision of 1918 clearly indicates that the later act is more definite in its provisions in casting jurisdiction in the Court of Chancery than the act of 1892, which was the subject of construction in the Delafield case. A single item of comparison illustrates this conclusion. In the 1892 act (3 *Comp. Stat., p.* 3319, § 41) it was provided that "Any claimant who has filed the notice mentioned in the second section of this act may enforce his claim against the said fund therein designated and against the person or persons liable *to* the debt by a civil action;

actions to determine or terminate said liens may be commenced by the contractor or said city, town, township or other municipality in any court of competent jurisdiction." The Revision of 1918 of the New Jersey Municipal Mechanics' Lien law eliminates the reference to actions being brought "in any court of competent jurisdiction" and directs that the validity of all lien claims and the amount due shall be determined in the Court of Chancery. It is interesting to note that in the case of *Delafield Construction Co.* v. *Sayre, supra,* and also in *Agnew Co.* v. *Paterson Board of Education,* 83 *N. J. L.* 49; 89 *Atl. Rep.* 1046, it is stated that the New Jersey Municipal Mechanics' Lien law is patterned after a Mechanics' Lien law of the State of New York. In referring to the Mechanics' Lien law of the State of New York it appears that upon filing a bond with the municipality the lien in the words of the New York statute is "discharged" while the Municipal Mechanics' Lien law of New Jersey provides that the funds are "released" and no mention is made of the lien being "discharged." Notwithstanding the New York statute provides expressly that the lien is discharged upon the filing of the bond proceedings to enforce the lien claim remain the same as if the claim were not discharged by the filing of the bond. In the case of *Harley* v. *Plant et al.,* 210 *N. Y.* 405; 104 *N. E. Rep.* 946, the New York Court of Appeals held as follows (at *p.* 947) :

"The lienor may, however, have and prosecute his action to enforce or establish the lien, whether the undertaking discharging it be filed before or after the action is commenced, making the necessary parties only defendants, and the judgment therein establishing that the lien, when discharged by the undertaking, was valid and enforceable in a fixed amount is conclusive as an adjudication in an action upon the undertaking against the sureties, although they were not parties to the former action. The undertaking does not change the relation or rights of the parties otherwise than substituting its obligations for the fund subject to the lien, and it was not within the legislative purpose in permitting the substitution to deteriorate the lienor's rights. The condition of the under-

taking must be construed to be that the obligors will pay any judgment which may be recovered in an action to enforce the lien, prosecuted in accordance with the sections of the Lien law relating to it, under which the sureties in the substituted undertaking are not necessary parties to the action."

The conclusion stated in the case of the *B. & S. Construction Co.* v. *Angelo Paino Construction Co.*, 10 *N. J. Mis. R.* 107; 157 *Atl. Rep.* 886, that an action may be brought on a municipal lien claim against a municipality is *obiter dictum* as that question was not before the court for determination. The court in that case evidently was referring to cases arising out of a Mechanics' Lien law but not to cases pertaining to the Municipal Mechanics' Lien law. The decision in *Heller* v. *Plainfield*, 119 *N. J. L.* 37; 194 *Atl. Rep.* 260, has no application to the issue here presented. In the Heller case the question of jurisdiction was not an issue before the court for determination. The action in that case was predicated upon an alleged illegal or erroneous act on the part of the municipality in not properly approving a bond as to form and sufficiency.

The motion to strike the complaint as to defendant city of Bayonne will be granted and the case may proceed as to the remaining defendant. The court of its own motion is empowered to strike a complaint if it fails to show a cause of action. *Mt. Pleasant Cemetery Co.* v. *Erie Railroad Co.*, 74 *N. J. L.* 100; 65 *Atl. Rep.* 192; *Philadelphia Savings Fund Society* v. *Frank Disston et al.*, 16 *N. J. Mis. R.* (at *p.* 133); 198 *Atl. Rep.* 212, and cases therein cited. In this case the complaint, in so far as the defendant city of Bayonne is concerned, fails to allege a cause of action. The complaint will be stricken on this further ground as to that defendant.