No. 19,859.

F. B. HAZELWOOD, *Appellant*, v. J. F. MENDENHALL, *Appellee*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. APPEAL—*Amount in Controversy—Matters for Review*. Where an appeal is properly taken to this court, the amount in controversy being over $100, all rulings complained of by the appellant will be considered although as to some of them a reversal might not make a difference of that amount in the result. And when the court acquires jurisdiction by the appeal of one party his opponent may obtain a review of any adverse rulings although because of the smallness of the judgment against him he could not have appealed in the first instance.

2. ANIMALS—*Escaping from Pasture—Liability for Damages to Crops*. A herd law, making owners of animals which are permitted to run at large liable for injuries done to crops, does not apply where the injury is done upon unenclosed land by cattle that without fault of their owner have escaped from a pasture surrounded by a fence strong enough to show the exercise of reasonable diligence for their restraint.

3. SAME—*Instructions*. The evidence held to require an instruction on the point covered by the foregoing paragraph.

Appeal from Gove district court; JACOB C. RUPPENTHAL, judge. Opinion on rehearing filed April 8, 1916. Reversed.

(For original opinion of modification see *ante*, p. 116, 154 Pac. 275.)

*John R. Parsons*, of Quinter, and *Arch L. Taylor*, of Russell, for the appellant.

*R. H. Thompson*, of Gove, *Lee Monroe, James A. McClure*, and *C. M. Monroe*, all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: On the appeal of the plaintiff in this case the judgment was ordered modified with respect to the taxation of costs. (*Hazelwood v. Mendenhall*, ante, p. 116, 154 Pac. 275.) The defendant had given notice of his purpose to ask a review of rulings with regard to the instructions, and presented a question in that connection which was not mentioned in the original opinion, because, through a misapprehension of the record, it was not thought to be material. The attention of the court was called to the matter and a rehearing was granted upon that feature of the case.

(1) The plaintiff suggests that so far as affects the right of the defendant to appeal the judgment fixes the amount in controversy, and as this was less than $100 no proceedings in the nature of a cross-appeal can be entertained. Where an appeal is properly taken to this court, the amount in controversy being over $100, the practice is to consider all rulings complained of by the appellant, although as to some of them a reversal might not make a difference of that amount in the result. This is illustrated by the fact that in the decision of this case the only contention of the appellant that was sustained had relation merely to the costs—a matter which could not have been the basis of an appeal. Consistently with this practice it must be held that where the court obtains jurisdiction by the appeal of one party, his opponent, having a right under the statutes to what is in effect a cross-appeal (Civ. Code, § 578), may obtain a review of any adverse ruling, although because of the smallness of the judgment against him he could not have appealed in the first instance. This is in accordance with the usual rule, although there are decisions to the contrary. (3 C. J. 432.)

(2) The defendant asked an instruction to the effect that, the action being brought under the herd law, which imposes a liability for damages done to crops by live stock permitted by the owner to run at large, no recovery could be had for injuries done on unenclosed land by animals which without the fault of the owner had escaped from a pasture enclosed by a lawful fence, or by an ordinary fence, such as is generally required to restrain that kind of stock. This was refused, and the court instructed that the plaintiff might recover even if the defendant's cattle had escaped from an enclosure surrounded by a lawful fence, and injured crops upon the plaintiff's unenclosed land before they could be apprehended. The law has been settled in accordance with the view presented by the defendant. (*Railway Co. v. Olden,* 72 Kan. 110, 112, 113, 83 Pac. 25.) In *McAfee v. Walker,* 82 Kan. 182, 107 Pac. 637, it was said:

"The common law places the responsibility wholly upon the owner of animals to keep them from his neighbor's premises, and makes him liable for any injury resulting from his failure to do so. The fencing act (Gen. Stat. 1868, ch. 40, art. 1, § 1, Gen. Stat. 1901, § 3071) changes the rule and requires the neighbor to protect himself from such injury up to a certain point by erecting a fence of a fixed power of resistance. The adoption of the herd law in turn eliminates the intervening statute and restores the common law, by canceling that requirement." (p. 185.)

The last sentence quoted requires some explanation and perhaps modification. The requirement that the crops shall be protected by a legal fence is canceled by the herd law only so far as relates to animals that are "running at large." Any that without fault of their owner have escaped from an enclosure surrounded by a barrier reasonably adapted to their restraint are not regarded as within that term, and the definition of a legal fence has reference to that which protects crops, and not to that which restrains cattle within an enclosure. "It was not intended that the fence law should, and it does not, furnish a rule by which to determine whether the owner of stock in herd-law counties is guilty of negligence in enclosing them." (*Railway Co. v. Olden,* supra, p. 112.)

(3) There seems to have been some evidence warranting the submission to the jury of the question whether the defendant's cattle had escaped without his fault from an en-

closure surrounded by a fence reasonably adapted to their restraint. The instructions given and refused relating to this matter were therefore material and the departure from the established rule requires a new trial.

Instead of the modification heretofore indicated, the judgment will be reversed and a new trial ordered. The costs in this court will be divided.