AMELIA T. REED *et al.*, Defendants in Error, v. SOPHIA
PAINTER, Administratrix of Estate of JOHN
PAINTER, Deceased, Plaintiff in Error.

St. Louis Court of Appeals, September 18, 1894.

**Appellate Jurisdiction:** CROSS APPEALS. Where there are cross
appeals or cross writs of error, and the supreme court has exclusive
jurisdiction of one, the other ought to be transferred to it so as to
avoid a conflict of jurisdiction.

*Error to the Cape Girardeau Circuit Court.*—HON. H. C.
O'BRYAN, Judge.

TRANSFERRED TO SUPREME COURT.

*Wilson Cramer* and *J. W. Limbaugh* for plaintiff
in error.

*R. G. Raney* and *R. B. Oliver* for defendant in
error.

BIGGS, J.—Plaintiff's amended petition states two
causes of action. The first is an action to recover the
undivided four-fifths of the amount of an insurance
policy for $5,000. The plaintiffs, Amelia T. Reed,
Martha Holcomb and Thomas J. Clark, claimed
to own the undivided amount sued for in equal
shares. The court found by its decree that the claim
as to Martha Holcomb and Thomas J. Clark was barred
by the statute of limitations. The finding was in favor
of Amelia T. Reed, and judgment was entered for her
for $1,659.15. In the second count of the petition the
plaintiffs seek to have the court declare that the
deceased held the title to certain real estate in trust for

them.    The court held that the heirs of John Painter were necessary parties to such an action.    From the judgment on the first count in favor of Mrs. Reed, the defendant has sued out the present writ of error to this court.

By stipulation of parties our attention has been called to the fact, that the plaintiffs also complain of the decree of the court as to them, and have taken the case to the supreme court upon writ of error.    It has been suggested by counsel that the cause pending here should, under the peculiar circumstances, be transferred to the supreme court.    While the case does not fall strictly within the provisions of  the statute (R. S. 1889, sec. 3300), we conceive it to be within its spirit. Where there are cross appeals or cross writs of error, and the supreme court has exclusive jurisdiction of one, the other ought to be transferred to that court so as to avoid a conflict of jurisdiction.    Under such an interpretation of the section, we deem it our duty to transfer the case to the supreme court for final determination.  It will be so ordered.  All the judges concur.