THE WASHINGTON SAVINGS BANK *et al.*, Respondents, v. BUTCHERS' & DROVERS' BANK *et al.*, Defendants; FREDERICK HEMAN and JOHN MAGUIRE, Appellants.

St. Louis Court of Appeals, March 19, 1895.

1. **Jurisdiction, Appellate**: AMOUNT INVOLVED. The supreme court has jurisdiction of an appeal by defendants from a judgment wherein the aggregate recovery against them exceeds $2,500, though the recovery against each one of them is for less than that sum.

2. ———: ———: APPEALS BY BOTH PARTIES. When both the plaintiff and the defendant appeal from the judgment in a cause, both appeals are returnable to the supreme court, if either is.

*Appeal from the St. Louis City Circuit Court.*

TRANSFERRED TO SUPREME COURT.

*T. J. Rowe* for appellant.

*J. P. Maginn* for respondents.

ROMBAUER, P. J.—This is a proceeding in equity brought by the plaintiffs, who are the creditors of the Butchers and Drovers Bank, against the defendants appealing, and a number of other defendants, to recover from them the unpaid balances of stock subscription. The claim of the plaintiffs on which the action is prosecuted amounts, according to the finding of the court, to $26,671. The liability of the appealing defendants amounts, in the aggregate, to more than $2,500, although individually each is responsible for less than that amount. From the judgment rendered by the trial court the plaintiffs appealed to the supreme court, and the defendants to this court. The plaintiffs now move for the transfer of this case to the supreme court, where their appeal is pending.

It will be thus seen that the case is similar in its features to the case of *Priest v. Deaver*, 21 Mo. App. 209, which we transferred to the supreme court, following the ruling of the supreme court in *Humphreys v. Atlantic Milling Co.* Besides this, we have held that, where both parties appeal and the appeal of one party is returnable to the supreme court and that of the other to the court of appeals, the latter court should, upon a fair interpretation of the constitution, transfer the cause to the supreme court, so that the latter may have

both appeals before it, and be thus enabled to make a final disposition of the entire cause. *Reed v. Painter*, 58 Mo. App. 661.

It is, therefore, ordered that this cause be transferred to the supreme court. All the judges concur.