[No. 3130. Decided October 19, 1898.]

THOMAS GARNEAU *et al., Respondents,* v. PORT BLAKELY MILL COMPANY, *Appellant.*

APPEAL — AMOUNT IN CONTROVERSY.

Under art. 4, § 4, of the constitution, prohibiting appellate jurisdiction in actions for the recovery of money, where the amount in controversy is less than $200, the consolidation of a number of actions by different plaintiffs against the same defendant, the amounts involved in each case being less than $200, will not invest the supreme court with jurisdiction of an appeal from the judgments rendered, although their aggregate sum is largely in excess of $200, where each plaintiff had a distinct and separate cause of action, and could not recover unless he showed that he was individually entitled to a judgment.

7—20 WASH.

Appeal from Superior Court, Kitsap County.—Hon. Frank T. Reid, Judge. Appeal dismissed.

*Struve, Allen, Hughes &McMicken,* for appellant.
*Dennis & Luse,* for respondents.

The opinion of the court was delivered by

Dunbar, J.—This action was brought by the plaintiffs to recover from the defendant damages on account of the destruction or conversion of certain saw-logs by the defendant, on which the plaintiffs had liens for labor performed in cutting and hauling such logs. These liens had been established in a prior action. Judgment was obtained in different sums for the different plaintiffs in the action. Fifty plaintiffs were joined in this action, and of the judgments obtained forty-three out of the fifty are for less than $200 each. The defendant having appealed from the judgment entered, these forty-three plaintiffs and plaintiff F. W. Parsons moved to dismiss as to each of them on the ground that this court has no jurisdiction of the cause as to each of them, because the amount in controversy is less than $200. We think this motion must prevail. Each of these plaintiffs has had a claim adjudicated against this defendant which was entirely distinct and separate from the claims of the other plaintiffs. They each one had a separate right of action, and could have maintained a separate suit. It is true that for convenience they were joined as plaintiffs, yet their demands were for separate judgments, and the judgments, in reality, were separate and distinct. The judgment which each plaintiff obtained, or had a right to obtain, was based upon a separate trial and examination, and dependent upon the facts involved in the particular case. One plaintiff might have recovered under the facts proven, while the claim of the other might have been re-

jected.  Each separate plaintiff would have had a right
to have compromised his particular case, or to have satis-
fied his particular judgment in any manner he saw fit,
without consultation with the other plaintiffs, or without
affecting their judgments.  It is argued by the appellant
that the plaintiffs, having submitted themselves to the
jurisdiction of the court, and having stood ready to re-
ceive the benefits of the joint trial, are now estopped from
raising the question of jurisdiction; but we do not think
this argument is tenable.  The law permits them to join
in these trials simply for the purpose of convenience, and
for the purpose of saving costs to all parties; but it does
not, we think, affect any material right which any of the
plaintiffs would have had had he brought an independent
action and have tried it independently.  It is also urged
that these actions depend upon a lien, and that, the estab-
lishment of the lien being the basis of the action, they
do not fall within the constitutional inhibition; but it
seems to us that the establishment of the lien is purely
incidental, and that the action is a straight action for the
recovery of money.  It was held by the United States
supreme court in *Farmers' Loan & Trust Co. v. Water-
man,* 106 U. S. 265 (1 Sup. Ct. 131), that where parties
severally asserted in the same suit a separate cause of
action, the decrees which were rendered in favor of them
respectively could not be joined to render the amount in-
volved sufficient to give the court jurisdiction; and the
court, in discussing this question, uses the following lan-
guage:

" In determining this question each claim will depend
on its own facts.  A recovery by one claimant will not
necessarily involve a recovery by another.  While the
rights of all depend upon establishing a liability of the
purchasers for the payment of debts of a particular kind,
no one can recover unless he shows that there is owing to

him individually a debt of that kind.    There are, there-
fore, necessarily in the case as many separate and distinct
controversies as there are separate claimants and inter-
venors.    The purchasers have the right to contest each
claim separately."

This is a parallel case, it seems to us, with the case at
bar, for, as we have before seen, in the action at bar a
recovery by one claimant will not necessarily involve a
recovery by another, and no one can recover unless he
shows that he is individually entitled to a judgment. This
is the uniform holding of the supreme court of the United
States, as shown by the cases cited by the petitioner, to-
wit:    *Ex parte Baltimore & O. R. R. Co.,* 106 U. S. 5
(1 Sup. Ct. 35), and *Gibson v. Shufeldt,* 122 U. S. 27
(7 Sup. Ct. 1066), and *Clay v. Field,* 138 U. S. 479 (11
Sup. Ct. 419).

It is conceded by the appellant that the rule in United
States courts is as above announced, but it is claimed that
the federal authorities are not in point, for the reason
that the jurisdiction of the federal courts is specified and
limited, while the grant of appellate jurisdiction to this
court under the constitution is general, and that whatever
is withheld from it comes by way of exception; but we
do not see that this distinction can have any effect on the
question in controversy, for the exception is plain and
explicit, and, in our judgment, this case falls squarely
within the restraint upon the jurisdiction of this court.
But, in addition to this, the cases cited by the petitioner
from state courts under constitutional provisions similar
to ours sustain their contention.    Thus, in *Louisiana West-
ern R. R. Co. v. Hopkins,* 33 La. An. 806, it was held
that a consolidation of two distinct suits between the same
parties, in each of which the matter in dispute was less
than $1,000, did not invest the court with jurisdiction.
In that case the judgment in favor of the defendants in

the aggregate was $2,200, while the jurisdictional limitation was $1,000, and it was claimed, as it is here by the appellant, that the aggregate amount allowed by the judgment to all the defendants collectively should be the test of the jurisdiction, instead of the amount of a single judgment; but the court said, in noticing the statute allowing the accumulation of the several demands in one application:

"But we cannot conceive that the statute can have any effect on the jurisdiction of this court, which must deal with each land owner as a separate and distinct party, entitled to rights personal to himself and independent of those of his co-defendants.    There is no community of interest between the various defendants; the valuation of the lands and damages of each must be made separately, and the adjudication affects each separately and distinctly, as though they had been made defendants in so many different suits."

And so here it is apparent that the adjudication affected each one of these plaintiffs separately and distinctly. The same rule is announced in *The Aultman & Taylor Co. v. Weir,* 134 Ill. 137 (24 N. E. 771), and in the other state reports cited by the respondent.   We think, therefore, that in accordance with authority and principle the motion must be granted as to those plaintiffs whose judgment was less than $200.   It appearing also that the claim of F. W. Parsons at the commencement of the action was less than $200, the motion to dismiss will also be granted as to him.

SCOTT, C. J., and REAVIS, ANDERS and GORDON, JJ., concur.