No. 19,913.

T. B. SHANNON, *Appellee*, v. ALBERT ABRAMS, Partners, etc., et al. (THE SOUTHERN SURETY COMPANY, *Appellant*).

#### SYLLABUS BY THE COURT.

1. ACTION — *Recovery of Money — Amount Involved — Right of Appeal.* Where an action is for the recovery of money only, the question whether the supreme court has jurisdiction to review the judgment at the instigation of the party ordered to pay it depends upon the amount, exclusive of costs, which the appellant is required to pay.

2. SAME. Under section 566 of the civil code, where the action is for the recovery of money only, the right of appellant to have his cause reviewed by the supreme court depends on the aggregate sum of money which he is required by the judgment to pay, and is not affected by the fact that the judgment is only the total of a series of judgments on separate counts, no one of which if considered independently would be for a sum large enough to confer jurisdiction for review by the supreme court.

3. SAME. Where a plaintiff has acquired title to a number of outstanding claims against a defendant and his surety, and brings a single action thereon, setting up each claim in separately stated and numbered causes of action, each one of which is for a sum of money less than $100, and where the plaintiff prevails in the action and separate judgments are given on each count, and an aggregate judgment is awarded in his favor for a sum of money in excess of $100, section 566 of the civil code gives the defendant a right of appeal to the supreme court.

4. ROAD-BUILDING CONTRACT—*Indemnity Bond—Liability of Surety Company.* Where contractors agree to build a road and to pay "for all labor and material and all other obligations or liabilities incurred in the doing of the said work or performance of any of the things necessary hereunder," and a surety company, for a valuable consideration, guarantees the performance of the contract, and where the contractors fail to pay the necessary and pertinent bills incurred by them in such undertaking, the surety company is liable thereon.

5. SAME—*Accounts for Which Surety Company is Liable.* In a road-building contract, which named the quarry where the materials for the road were to be obtained, the contractors failed to pay the necessary and pertinent accounts for dynamite, for coal consumed in the engine which operated the rock crusher, for lumber, for the rent of the quarry and for the rent of tools. *Held,* that the surety company was liable for the payment of these accounts under its surety obligation.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed May 6, 1916. Affirmed.

*Thomas E. Wagstaff,* and *S. P. Miles,* both of Independence, for the appellant.

*Travis Morse,* and *G. E. Pees,* both of Iola, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment rendered against the defendant as surety on the bond of a partnership which had contracted to build certain macadamized roads in Allen county.

The commissioners of roads and highways of Iola township entered into a written contract with Albert Abrams and Theodore F. Strickland, a partnership, for the building of two stretches of macadamized road in Iola township for a stated consideration. Abrams and Strickland undertook the job, agreeing to furnish all the materials, labor and transportation, and to prepare, grade and build the road—

"and do everything necessary to prepare, make, construct, build and finish the said road in accordance with the said plans and specifications and shall pay for all labor and material and all other obligations or liabilities incurred in the doing of the said work or performance of any of the things necessary hereunder, . . . and before final settlement for the said work is made, parties of the second part shall furnish to party of the first part evidence satisfactory to first party that all claims for labor and material used in the preparation and construction of said road have been paid."

It was also agreed that the partnership should give a bond, with sureties, to pay all indebtedness incurred for labor and materials furnished in the construction of the road, as provided in section 661 of the civil code.

The Southern Surety Company, a corporation engaged in the business of furnishing surety bonds for pay, furnished the bond, in which appropriate reference to the contract between Iola township and the contractor was made, and providing:

"Now, Therefore, if the said Abrams & Strickland shall furnish all of said material and perform said work and labor in the manner and form as agreed to, according to said contract and specifications thereto attached, and shall complete said work as is provided in said contract, and shall pay for all labor and material used or employed therein, . . . then this obligation shall be null and void, otherwise to remain in full force and effect."

The partnership contractors built the road, but failed to pay certain bills pertaining thereto.   Hence this lawsuit.

The plaintiff had a balance of an account for dynamite, etc., against Abrams & Strickland, amounting to $48.54.   This constituted plaintiff's first cause of action.

Thirteen additional causes of action were included in plaintiff's petition, for various sums ranging from $1.60 to $94.35, these being based on accounts of other persons against Abrams & Strickland, all alleged to pertain to the building of the road, and all of which had been assigned to plaintiff for the purpose of collection.

The aggregate sum of all the claims in these fourteen counts set out in plaintiff's petition was $398.41.   The court gave judgment for plaintiff upon the fourteen causes of action separately, in amounts ranging from $1.60 to $65.55, with interest on each, and aggregating $388.22.

The defendant surety company's appeal is based upon the overruling of its demurrer to plaintiff's evidence.

Counsel for plaintiff challenge appellant's right to a hearing on the ground that this court has no appellate jurisdiction of controversies involving the recovery of money only unless the amount exceeds one hundred dollars, and that each of the causes of action in plaintiff's petition was inherently so distinct and independent that they can not be aggregated into one controversial sum in excess of one hundred dollars so as to clothe this court with jurisdiction.

Since this contention, if sustained, would dispose of this appeal, it should be considered first.

The appellate jurisdiction of the supreme court concerning actions for the recovery of money only is as follows:

"No appeal shall be had or taken to the supreme court in any civil action for the recovery of money unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars, except in cases involving the tax or revenue laws, or the title to real estate, or an action for damages in which slander, libel, malicious prosecution or false imprisonment is declared upon, or the constitution of this state, or the constitution, laws or treaties of the United States."   (Civ. Code, § 566.)

The several causes of action, amounts claimed and the sepa-

Shannon v. Abrams.

rate judgments on each count are shown by the following table:

| CAUSE OF ACTION. | Account assigned to plaintiff. | Amount claimed on each count. | Judgment on each count. |
|---|---|---|---|
| 1. Dynamite, etc., furnished by plaintiff.. | ..... . ........... | $48.54 | $47.94 and int. |
| 2. Coal, etc., for rock crusher engine..... | Krupp........... . | 30.63 | 29.88 and int. |
| 3. Rent of quarry and rock taken there- from............................ | Bissett............. | 21.00 | 21.00 and int. |
| 4. Team and road work...... .. ...... | Biles............. . | 8.00 | 8.00 and int. |
| 5. Team and road work......... ..... | Cleaver........... | 1.60 | 1.60 and int. |
| 6. Quarrying rock..................... | Anderson & Sugg.... | 70.00 | 70.00 and int. |
| 7. Road work........................ | Bell.............. | 8.00 | 8.00 and int. |
| 8. Road work........................ | Williams ......... | 8.00 | 8.00 and int. |
| 9. Team and road work................ | Baker... ......... | 27.20 | 27.20 and int. |
| 10. Rock and work with team........... | Moore............. | 94.35 | 67.84 and int. |
| 11. Coal for rock crusher engine ........ | The Newton Milling & Elevator Co.... | 10.59 | 10.59 and int. |
| 12. Dynamite................. ....... | The Iola Brick Co... | 6.50 | 6.50 and int. |
| 13. Rent of tools used in road-making..... | The Iola Portland Cement Co....... | 64.00 | 64.00 and int. |
| 14. Lumber furnished............... .... | Klein............. | 6.41 | 6.41 and int. |
| Total judgment, with interest added on each separate judgment ...... | ................... | ......... | $388.22 |

There is a line of authorities holding that several distinct and independent claims set up in one action under separate counts, no one of which is for a sum sufficient to base an appeal, do not confer jurisdiction on an appellate court, although the judgment on all the counts aggregates a sum sufficient to give jurisdiction if the amount was based on a single claim.

"Action on several independent claims presented by the same party is not reviewable where such action does not involve the jurisdictional amount in connection with either claim. It has also been held that the combining of several claims in different counts is insufficient to confer jurisdiction where no one of such claims is by itself sufficient for the purpose, but on this point there is at least one decision to the contrary. An appeal will not lie if the matter in dispute is below the jurisdictional amount, even when it forms a part of a series of claims which, in the aggregate, would exceed that sum." (3 C. J. 414.)

The contrary and perhaps the better view is upheld in *Commonwealth for Wiggins, &c., v. Scott, &c.*, 112 Ky. 252, 65 S. W. 596; *State, ex rel. St. Cyr et al., v. Jumel, State Auditor*, 34 La. Ann. 201; *Priest v. Deaver*, 21 Mo. App. 209; *Washington Sav. Bank et al. v. Butchers' & Drovers' Bank et al.*, 61 Mo.

App. 448; *Powers v. City of Yonkers,* 114 N. Y. 145, 21 N. E. 132; *Staib's Estate, Bender's Appeal,* 188 Pa. St. 238, 41 Atl. 528; *Fink, Brother & Co. v. Denny and als.,* 75 Va. 663; *Peters & Reed v. M'Williams and others,* 78 Va. 567; *Hicks v. Roanoke Brick Co.,* 94 Va. 741, 27 S. E. 596; *Wheby v. Moir,* 102 Va. 875, 47 S. E. 1005. (See, also, *The "Connemara,"* 103 U. S. 754, 26 L. Ed. 322, and *Shields v. Thomas,* 58 U. S. 3, 15 L. Ed. 93.)

Curiously enough, this exact point has not hitherto been squarely determined by this court. In *Samp v. Braden,* 73 Kan. 279, 85 Pac. 289, an appeal was presented by two defendants against whom separate judgments had been rendered in an action upon their liability as stockholders. The judgment against neither was sufficient in itself to confer jurisdiction upon the supreme court on appeal. It was held that as neither defendant was interested in the judgment rendered against the other, jurisdiction on appeal could not be obtained "by the defendants aggregating judgments which are several and distinct" (p. 281), and the appeal was dismissed.

In *Skinner v. Cowley County,* 63 Kan. 557, 66 Pac. 635, the probate court had ignored the sheriff's right to transport delinquents to the industrial school and to transport children to the soldiers' orphans' home, and had appointed special officers to perform these services. These special officers had presented bills for these several services, in the sums of $71.85, $102.88, and $62.08, respectively. The sheriff sued for the compensation attaching to these services on the ground that he had been ready to perform them, and was entitled to the compensation and could not be deprived of it by the arbitrary action of the probate court. Originally the sheriff brought three separate actions, but these were consolidated in the district court by consent of parties and the action proceeded as one controversy. The question was raised on appeal that the amount in controversy in each of two of the original cases was less than $100. It was held:

"Where several actions of the same character are consolidated in the district court by consent of all the parties, and are tried through to final judgment without objection, it is too late to object upon review, and the jurisdiction of the supreme court will be determined by the whole amount involved in the new consolidated action." (Syl. ¶ 1.)

In *Hazelwood v. Mendenhall,* 97 Kan. 635, 156 Pac. 696, decided April 8, 1916, it was held that where the amount in

controversy was in excess of $100 the appellee may obtain a review of adverse rulings although the judgment against him was for a sum so small that this court would not have had jurisdiction if he himself had attempted to institute the appeal.

We think the true rule is determined by the amount involved in the cause brought to this court by the appellant. What is his grievance? What is the judgment from which he seeks relief? How much is he called upon to pay? If it is a sum in excess of $100 exclusive of costs the appellant is entitled to have his grievance reviewed. The settled policy of this court favors the right of appeal, and since this appellant is here complaining of a judgment which calls on it to pay $388.22 and costs, this court has jurisdiction notwithstanding that such judgment is merely the aggregate of a series of judgments on fourteen distinct causes of action, no one of which is for a sum sufficient to invoke the jurisdiction of this court if brought here independently.

Coming now to the errors assigned by appellant, it is contended that, except on counts 5 and 10, the trial court should have sustained a demurrer to the evidence. We do not understand that this demurrer was lodged on account of mere insufficiency of proof, but because on the facts developed by the evidence the surety company was not liable for the other items under the strict terms of its surety obligation. In other words, that the bills for dynamite, rent of the quarry, coal used in firing the engine which crushed the rock, and for rent of tools used in building the road, and the like, were not within the terms of its surety obligation. A majority of this court holds otherwise; that under the rule announced in Lumber Co. v. Douglas, 89 Kan. 308, 131 Pac. 563, and the cases there cited, and the fair interpretation of the contract, all these bills were pertinent to the building of the road, and that it could make no difference to the surety company whether the contractors purchased all the supplies for building the road from somebody else who had purchased dynamite and coal and rented tools, and rented a rock quarry, and based his price for the materials thus furnished to the contractors in consideration of such expenditures, or whether the contractors procured these materials through the incurrence of these expenditures themselves. We can perceive that cases might arise where such

expenditures might be "padded" and call for the application of some other rule, but here there is no suggestion that any of the items of expense incurred in procuring the materials for the building of the road were unreasonable. The surety company guaranteed the payment of the materials used in the road-making. If it does not pay these bills it will pay nothing, for the materials were procured by the incurrence of the bills here presented. The surety company bound itself to pay for these materials, and it should not be relieved therefrom on any fine-spun theory that because some third party did not rent the quarry and buy the dynamite and the coal and hire the machinery and make an aggregate charge of all these items of expense with a fair profit thereon, and present a bill for the materials thus produced, it should be wholly relieved from payment of any sum whatsoever for such materials. The contract between the township and the contractors recognized the fact that the materials would be furnished as they were in this case, and even specified what quarry the rock should come from, and specified that the contractors should pay for the transportation of the materials. Appropriate reference to this contract was made in the surety company's contract, and it must be held that it knew in what manner the materials would be furnished, and in binding itself to pay for the materials it bound itself to pay the reasonable and proper cost of furnishing the materials, and it is not called on, and can not be called upon, to pay for them in any other manner.

It should be noted that the surety company's obligation is not to pay the mere statutory liens for labor and materials, but is governed by the terms of its contract. The contractors agreed to build the road and to pay "for all labor and material and all other obligations or liabilities incurred in the doing of the said work or performance of any of the things necessary" thereunder, and to give the statutory bond. The defendant became surety for the full performance of all the terms of the contract, and all these bills were within the fair terms of that contract.

In *Zipp v. Fidelity & Deposit Co.*, 73 App. Div. 20, 76 N. Y. Supp. 386, the question was whether the defendant, which had guaranteed a contractor's agreement to construct a retaining wall for the city of Buffalo, was liable for a bill of $279.48,

Shannon v. Abrams.

which was the balance of an account for coal consumed by two engines used in excavating rocks and earth and for pumping water. This was not a lawsuit on the mere liability to pay statutory liens, but on the surety company's guaranty that the contractors would perform their contract. The court said:

"The generation of power was essential in the performance of the contract, and when the defendant became responsible for the payment of 'all material used and services rendered in the execution of such contract' it might have expected that fuel was to be consumed in the undertaking. The coal used entered into the execution of the agreement and formed a part of the value of the work done as much as the labor of the masons or of the men who aided in hoisting the stones into position to make up the wall. The materials used need not be a permanent constituent of the structure itself, but must be necessarily incident to the execution of the agreement to come within the purview of the defendant's contract; and the coal consumed in carrying on the work is of that character. The defendant's agreement was entered into to secure the performance of the contract by Kriess, and evidently to protect the city against any liens by material men or laborers. It contemplated the performance of the contract by Kriess, and whatever fairly comes within the compass of that work is also within the scope of the defendant's contract. Under the mechanic's lien law we apprehend a lien would attach for fuel furnished under the circumstances here shown. *Powder Co. v. Byrnes*, 12 Abb. Prac. 469; *Gallagher v. Karns*, 27 Hun, 375." (p. 21.)

It is unnecessary to extend this by discussing the appellant's liability under the counts for "team and road work." On those items the liability is too plain for discussion.

The judgment is affirmed.

BURCH, PORTER and WEST, JJ., dissent from paragraph five of the syllabus and the corresponding portion of the opinion.