[No. 14974.  Department Two.  February 7, 1919.]

CASCADE CONSTRUCTION COMPANY et al., Respondents,
v. SNOHOMISH COUNTY et al., Appellants.[1]

APPEAL (40)—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY—AGGREGATED CLAIMS.  In an action to establish the liability upon a bond to indemnify materialmen and laborers upon public work, in which judgment was given against certain claimants upon their cross-complaints, no appeal lies in the case of any cross-complainant whose claim was for less than the sum of $200, that being the jurisdictional amount on appeal for the recovery of money.

COUNTIES (46) — HIGHWAYS (33) — CONTRACTS — CONTRACTOR'S BONDS—NOTICE—WAIVER.  Where a subcontract on county highway work was not consented to and filed with the county commissioners as required by the principal contract, the subcontractor was merely the agent of the principal contractor for the purchase of supplies, and not a subcontractor within the meaning of Rem. Code, § 1159-1, requiring notice to the original contractor within ten days of furnishing of supplies to a subcontractor; failure to file the subcontract being a waiver by the original contractor of the right to such notice.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered April 25, 1918, in favor of the plaintiffs, in an action to determine the validity of claims against a fund due a contractor on public work, tried to the court.  Reversed.

[1]Reported in 178 Pac. 470.

*Wm. A. Johnson, J. A. Coleman,* and *Williams & Davis,* for appellants.

*Shorett, McLaren & Shorett,* for respondent Cascade Construction Company.

MOUNT, J.—This appeal is from a judgment of the lower court denying the appellants the right to have their claims satisfied from a fund in possession of Snohomish county. The facts are as follows: In April of 1917, Snohomish county was about to construct a paved highway between Stanwood and Florence in that county, the work being known as project No. 15. After calling for bids, a number of bids were received by the county. The Ryan Construction Company was the lowest bidder. The Cascade Construction Company was the next lowest bidder. The contract was awarded to the Ryan Construction Company. That company was unable to furnish a bond, as required by statute, and consented that the contract be made to the Cascade Construction Company. A contract was thereupon entered into between Snohomish county and the Cascade Construction Company for the work. This contract provided, among other things, as follows:

"The contractor shall not let, assign or transfer this contract or any interest therein, or sublet the work herein provided to be done, or any part thereof, without the consent of the board. The contractor shall file with the board a duplicate of all subcontracts made by him as aforesaid."

Thereafter, the Cascade Construction Company entered into a contract with the Ryan Construction Company by which the Ryan Construction Company was to perform the contract. At the time the board of county commissioners entered into the contract with the Cascade Construction Company, that company, as

principal, and the United States Fidelity & Guaranty Company, as surety, gave a bond to the county for the faithful performance of the contract. This bond provided for the faithful performance of the contract by the Cascade Construction Company and all of the provisions of said contract and the payment of labor, material and provisions used in said work. The subcontract entered into between the Ryan Construction Company and the Cascade Construction Company, the original contractor, was reduced to writing but was never filed. The agent for the Cascade Construction Company testified that two of the board of county commissioners consented to the subcontract. Two of the board of county commissioners testified that no such consent was given. It is not claimed that the subcontract was filed as provided in the original contract.

During the progress of the work, these appellants and others furnished material which was used in the construction of the road. After the completion of the work, and within thirty days after the acceptance of the work by the board of county commissioners, these appellants filed claims against the bond and the fund to be paid by the county to the original contractor. The county withheld from the funds some $4,883.47, payable under the contract to the Cascade Construction Company, and refused to pay the same until the rights of the claimants were determined. Thereupon the Cascade Construction Company and the United States Fidelity & Guaranty Company brought this action in the superior court for Snohomish county, praying that the county be required to pay the money which was due upon the contract into court and that all claimants who had filed claims against the bond be required to present their claims;

that such claims as were valid be paid and others rejected; and that, after payment of the valid claims, any surplus of the fund should be paid to the Cascade Construction Company. The appellants and the other creditors appeared in the action and pleaded by way of cross-complaint that they had furnished materials which had been used in the work; that they had each given notice to the county, within thirty days after completion of the work, that they had furnished the materials; and prayed that their respective claims be paid out of the fund, and that for any deficiency they have judgment against the Cascade Construction Company. Upon issues joined, the case was tried to the court. Some of the claims were allowed and others were rejected. This appeal followed.

The respondents have moved to dismiss the appeal for several reasons. We find no merit in any of the reasons except one, to the effect that the claims of a number of these appellants are less than $200. In the case of *National Surety Co. v. Bratnober Lumber Co.,* 67 Wash. 601, 122 Pac. 337, we had occasion to consider the question here presented, and there held that this court had no jurisdiction where the amount of claims of the character here in question was less than $200. Upon the strength of that case, the motion must be sustained as to the appellant Gustaf Nicklason, whose claim is for $89.60; Tuttle & Nicklason, whose claim amounts to $185.41; Nordeen Foundry Company, whose claim is $147.75; and Peoples Union, whose claim is $47.15. This leaves for consideration the claims of the Agnew Hardware Company and the Nicklason Auto Company, whose claims amount to more than $200.

As we understand the record of the case, the lower court denied a recovery because the work upon the road

was done by a subcontractor and because the claimants had not given ten days' notice, as required by Rem. Code, § 1159-1, to the original contractor after the first delivery of materials, supplies or provisions furnished to the subcontractor. It is conceded that this notice was not given; that the only notice given was the notice given after the completion of the work and within thirty days after the acceptance thereof by the board of county commissioners; so that the main question in the case is whether the Ryan Construction Company, which did the work, was a subcontractor, and whether the persons furnishing supplies, material or provisions were bound to give notice to the original contractor within ten days after furnishing such supplies. The respondent relies upon the case of *Crane Co. v. Maryland Casualty Co.*, 102 Wash. 59, 172 Pac. 866. In that case the Beers Building Company, as contractor, had entered into a contract with the state for the construction of a building. The Maryland Casualty Company became surety upon that contract. The contract there provided:

"The contractor shall not assign this contract nor sublet any portion thereof without the written consent of the board of control and the bonding company."

A subcontract was entered into between the Beers Building Company and Musgrave and Blake. Musgrave and Blake bought materials from the Crane Company and neglected to pay therefor. The Crane Company thereupon brought an action against the surety company and Musgrave and Blake and a recovery was permitted. The board of control had not consented to a subletting of that contract. We there said:

"There was no effectual assignment or subletting of the original contract in this sense, because the subcontract was not consented to by either the state or

the casualty company, and besides, it seems quite apparent to us that there was no intention on the part of Beers Building Company and Musgrave and Blake that there should be any assignment or subcontract in this sense. This seems plain from a casual reading of the subcontract entered into between them. The state, as contemplated by the terms of this contract, was to pay Beers Building Company, and that company was to pay its subcontractors, Musgrave and Blake, just as it would pay laborers or materialmen. It is equally plain that the state never regarded this contract in any other light. The board of control continued at all times to look to Beers Building Company for the completion of its contract, until its rights thereunder became forfeited and were put an end to by the board of control because of its failure to perform its contract. We conclude, therefore, that Musgrave and Blake were never intended to become, and never did become, subcontractors within the meaning of the above quoted provision in the original contract between Beers Building Company and the state, prohibiting the assigning and subletting of that contract by Beers Building Company without consent of the board of control and the bonding company."

The court then further said:

"We are equally well satisfied that Musgrave and Blake did become, and were intended by all parties to become, subcontractors within the meaning of the bond and the statute in pursuance of which it was executed, and that Musgrave and Blake thereby became in legal effect the agents of Beers Building Company for the purchase of plumbing supplies for the carrying on of the work, in pursuance of which agency they purchased the material from Crane Company."

The respondent insists that this latter quotation is controlling upon the facts in this appeal; but what was meant there was that, so far as the original contractor and the surety upon that contract were concerned, Musgrave and Blake were agents of the original con-

tractor for the purpose of purchasing supplies used in the building. There was no question of notice in that case, and the use of the word "subcontractors" was to denote agency, as the whole context indicates. In so far as these claimants are concerned, under the facts in this appeal, the subcontract as to them was of no force. The provision in the original contract that the contractor shall not let, assign or sublet the work provided to be done, or any part thereof, without the consent of the board, and that the contractor shall file with the board a duplicate of all contracts made by him as aforesaid, was for the protection not only of the board itself, but of all persons who furnished supplies, material and provisions for the work to be done; and since that contract was not filed with the board as the original contract required, it gave no notice to persons furnishing material or supplies that they were not furnishing such supplies for the original contractor, whose contract was on file.

When the original contractor fails to file his subcontract he thereby waives the right to the notice required by Rem. Code, § 1159-1. The lower court found that there was a subcontract and that it was consented to by two members of the board. There was no evidence that the board made any record of such consent, and the fact is that no such record was made and the subcontract was not filed with the board. In order to employ subcontractors to do the work and to relieve the original contractors from liabilities for claims for materials, supplies, etc., furnished the subcontractor, it is the duty of the original contractor to file the subcontract with the board upon their consent. The object of this, as we have already stated, is to give notice to persons who may furnish materials, etc., for the work. We are satisfied, therefore, that the trial

court should have concluded that, as between the claimants and the original contractors and the surety company, there was no subletting of the work, because the subcontract was not filed as required by the contract. It was, therefore, not necessary for these claimants to serve a notice upon the original contractor within ten days after the date of the first delivery of materials, but a notice within thirty days after the acceptance of the work was sufficient.

The judgment appealed from is reversed as to the appellants who have not been dismissed, and the cause remanded with instructions to the lower court to enter a judgment in their favor for the amounts claimed.

MAIN, FULLERTON, PARKER, and HOLCOMB, JJ., concur.