[No. 15061. *En Banc.* April 3, 1919.]

THE STATE OF WASHINGTON, *on the Relation of Home Telephone & Telegraph Company, Plaintiff,* v. D. W. HURN, *as Judge of the Superior Court for Spokane County, Respondent.*[1]

COURTS (57)—PROHIBITION (32)—JURISDICTION—AMOUNT IN CONTROVERSY. Prohibition does not lie to prevent the superior court from proceeding without jurisdiction to hear a civil action at law for the recovery of money involving less than $200, the constitutional limitation upon the jurisdiction of the supreme court, the lower court's decision as to its jurisdiction being final.

COURTS (57)—MANDAMUS (30) — JURISDICTION — STATE OFFICERS. In an application for a prerogative writ, addressed to a judge as judge of the superior court, the judge is not a state officer, within Const., art. 4, § 4, giving the supreme court original jurisdiction to issue writs of mandamus to state officers.

APPEAL AND ERROR (40)—AMOUNT IN CONTROVERSY—AGGREGATED CLAIMS. The amount in controversy controlling the jurisdiction of the supreme court is the amount recoverable in each one of several separate and independent actions, and not the aggregate amount, although the parties are the same in all the actions.

Application filed in the supreme court October 11, 1918, for a writ of prohibition to restrain the superior court for Spokane county, Hurn, J., from assuming jurisdiction over actions to recover overcharges for telephone service. Denied.

*Post, Russell & Higgins,* for petitioner.

*Turner, Nuzum & Nuzum,* for respondent.

MAIN, J.—This is an original application for a writ of prohibition and is based upon the following facts, as stated in the amended petition. The Home Telephone & Telegraph Company, a corporation, is engaged in the business of conducting a telephone sys-

[1]Reported in 180 Pac. 400.

tem in the city of Spokane. In May, 1918, one A. E. Powell, as plaintiff, commenced two actions against the telephone company, in the superior court of Spokane county, one being numbered 56,732 and the other numbered 56,835. In the first named case, there is alleged one cause of action in the complaint, and the prayer is for the sum of $33 and costs. In the second cause, there are six causes of action alleged, and the prayer is for $180 and costs. On June 8th, 1918, Powell commenced two other actions in the same court, one being numbered 56,883 and the other numbered 56,884. In the first of these last two cases, there are set out in the complaint eleven causes of action and the prayer is for $182.50 and costs, and in the second cause there are set out nine causes of action and the prayer is for $180 and costs. The suit first mentioned, or that for $33, was brought by Powell in his individual capacity. In the other actions, he sues as assignee of various individuals, each cause of action alleging a different assignor.

The purpose of the various causes of action is to recover from the defendant for an overcharge for telephone services rendered to the various individuals whose causes of action are stated. All of these causes of action are now pending in the superior court of Spokane county before the Honorable D. W. Hurn, one of the judges of that court, or, in due time, will be assigned to the department of the court over which he presides.

The petitioner claims that the court has no jurisdiction to hear and determine the causes until the matter of the overcharge has been filed with and presented to the public service commission.

The actions mentioned are separate and individual actions brought by the same plaintiff, but have not

been consolidated as one action. At the threshold of the case, we are met with a question of jurisdiction. From the statement made, it appears that in no one of the actions does the amount of recovery exceed the sum of $200. All the actions are civil in their nature and brought at law for the recovery of money. The question involved is whether this court has original jurisdiction to issue a writ of prohibition when the amount involved is less than $200. For the purpose of this question, it will be assumed, but not decided, that the superior court is proceeding without jurisdiction.

Article 4, § 4, of the constitution of this state reads as follows:

"Jurisdiction.—The supreme court shall have original jurisdiction in habeas corpus and quo warranto and mandamus as to all state officers, and appellate jurisdiction in all actions and proceedings, excepting that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute. The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. . . ."

By this section of the constitution, this court has, first, original jurisdiction in habeas corpus and quo warranto and "mandamus as to all state officers"; second, appellate jurisdiction in all actions excepting that the appellate jurisdiction shall not extend (a) to civil actions at law for the recovery of money or personal property when the original amount in controversy does not exceed the sum of $200, and (b), unless

the action involves the legality of a tax, impost, assessment, toll, municipal fine or the validity of a statute; and third, this court has power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.

Owing to the large number of decisions covering various phases of when a writ of mandamus or prohibition will be issued by this court and when it will not, it is impossible here to review them in detail. There are three classes of cases which will be referred to, the last of which will involve the precise question here for determination. One class is when an application is made for a writ of prohibition and the superior court is proceeding without jurisdiction and there is no mention of the amount in controversy. As a type of this class the case of *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905, may be cited. There the superior court was proceeding without jurisdiction and there is no mention in the opinion as to the amount in controversy. The record however, shows that the amount was very much in excess of $200. In that case the writ was directed to issue.

Another class of cases is where the superior court had jurisdiction, but the amount in controversy was less than $200. In this class, it has been repeatedly held that, under the constitutional provision above quoted, this court has no power to issue a writ of prohibition or other writ which would accomplish the review of the judgment of the superior court by this court. The recent case of *State ex rel. Swan v. Superior Court,* 105 Wash. 167, 177 Pac. 679, is the last of the cases so holding.

The third class of cases, and the one to which the present case belongs, is where the superior court is proceeding without jurisdiction and the amount involved does not exceed the sum of $200. Upon this question in *State ex rel. Alladio v. Superior Court,* 17 Wash. 54, 48 Pac. 733, it was held that a writ of prohibition would issue where the superior court was proceeding in an action without jurisdiction and the amount involved was less than $200. Detailed references will not be made to the earlier decisions not cited, but referred to in that case; because, if that case is now the law, the cases upon which it is based are likewise the law, and conversely, if it has been overruled and not revived, the earlier cases share the same fate.

In *State ex rel. McIntyre v. Superior Court,* 21 Wash. 108, 57 Pac. 352, it was held that writ of mandamus would not issue to compel the superior court to take jurisdiction of a cause where the amount in controversy did not exceed the sum of $200. This case does not mention the *Alladio* case, but the rules stated in the two cases are in direct conflict. In *State ex rel. Gillette v. Superior Court,* 22 Wash. 496, 61 Pac. 158, it was held that a writ of review would not issue to review a judgment of the superior court dismissing an appeal from the justice of the peace court of that county, for want of jurisdiction.

In *State ex rel. Fuller v. Superior Court,* 31 Wash. 96, 71 Pac. 722, it was held that a writ of prohibition would not issue to restrain a judge of the superior court from proceeding with a cause without jurisdiction where the amount did not exceed the sum of $200. In the opinion in that case the *Alladio* case, *supra,* is referred to and in effect overruled. With the decision there rendered the rule became settled

STATE EX REL. HOME TEL. & TEL. CO. v. HURN.   367

that a writ of prohibition would not issue where the superior court was proceeding without jurisdiction and the amount involved would not exceed $200. That is still the law upon the question, unless the rule of the *Alladio* case and the earlier cases which it referred to is revived by subsequent decisions.

In *State ex rel. Wood v. Superior Court,* 76 Wash. 27, 135 Pac. 494, the *Alladio* case, together with other decisions, was cited in support of the general proposition that, where the superior court is proceeding with a case without first having acquired jurisdiction, a proper case is presented for the issuance of a writ of prohibition. In that case, the question of the amount in controversy is not considered as an element in the case. While the opinion may not so state, the amount there involved was in excess of $200.

In *State ex rel. Prentice v. Superior Court,* 86 Wash. 90, 149 Pac. 321, the *Alladio* case is again referred to. In that case the question was whether the writ would issue when the court had jurisdiction but the amount involved was less than $200. It was held that it would not. In the opinion, answering a request of counsel apparently, as to what was the distinction between the *Alladio* case and the case then before the court, it was said, as to the *Alladio* case, that the court was there proceeding without having acquired jurisdiction.

It is altogether probable that in writing the opinions in both the *Wood* and the *Prentice* cases, just referred to, the court overlooked the fact that the *Alladio* case had been previously overruled. It was obviously, however, not the intention of the court in either of those cases, to revive the rule of that case, because the exact question was not being presented or considered. It cannot be said in reason that the

reference in these two opinions to the *Alladio* case is sufficient to justify the conclusion that it was the intention of the court to revive the rule of that case and thus breathe life into a rule which had long since ceased to exist.

It is now the settled doctrine of this court that the writ will not issue where the superior court is proceeding without jurisdiction and the amount in controversy does not exceed $200. In such a case, the judgment of the superior court upon the question of its jurisdiction is final and conclusive. In *Leites v. Peterson,* 68 Wash. 474, 123 Pac. 773, it was said:

"So that, before appellants could be granted any relief in this action, it must be determined that, in an action unquestionably falling within the constitutional limitation, the court below acted erroneously. That cannot be inquired into by this court irrespective of the manner in which the question is presented, whether by direct appeal or indirectly by writs of review, mandamus, or prohibition. This has been determined so frequently that it must be regarded as established. Under our constitution, the superior court is made the sole judge of its own jurisdiction in all cases involving less than $200, and its judgment in asserting or refusing jurisdiction in all such cases is final. If it commit error, there is no remedy. Finality must rest somewhere whatever be the character of the judgment, and in matters involving less than $200, that finality is in the court below."

It is said, however, that this court, in *State ex rel. Arthur v. Superior Court,* 58 Wash. 97, 107 Pac. 876, caused the writ of prohibition to issue when the superior court was proceeding without jurisdiction and the amount involved was less than $200. With this interpretation of the case, we cannot agree. A careful reading of the opinion will show that the real amount in controversy there was at least double $200.

The case of *State ex rel. Davis-Smith Co. v. Clausen*, 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466, is easily distinguished. There the amount in controversy was less than $200 but the application was for a writ of mandamus directed to a state officer. That case falls squarely within that provision of the constitution which authorizes a writ of mandamus as to all state officers. The $200 limitation subsequently appearing in the same section does not apply where the application is for a writ of mandamus to a state officer.

We are invited to consider again the meaning of the constitutional language above quoted as an original question, and hold that thereunder a writ of prohibition may be issued by this court when the trial court is proceeding without jurisdiction and the amount in controversy is less than $200. The question has been repeatedly considered by this court and the view taken as above indicated. We think that the settled construction which has so long prevailed should not be disturbed. Were the question an open one, we would not be disposed to take a view different from that which has been reiterated in the previous holdings of this court.

This brings us to the second question in this case and one which we deem of minor importance. This question is whether a judge of the superior court, in an application of this character, is to be considered a state officer. This question must be answered in the negative. The application is for a writ of prohibition directed to the Hon. D. W. Hurn, as judge of the superior court of Spokane county. The jurisdiction of such a court does not extend to all parts of the state, while the process thereof does. It is true that a judge of the superior court may exercise jurisdiction in a coun-

ty other than that for which he is elected, yet he can do so only at the request of the regularly elected judge thereof, or at the request of the Governor. *In re Salary of Superior Court Judges,* 82 Wash. 623, 144 Pac. 929.

It is also suggested that, since the four actions are by the same plaintiff and against the same defendant, in determining the amount involved the aggregate of all the actions may be taken into consideration. As above stated, in no one of the actions does the amount of recovery amount to $200. The actions are separate and independent. The jurisdiction as to the particular case must be determined by the amount sought to be recovered in that action.

A recovery in one action does not necessarily involve a recovery in another, and in each action recovery cannot be had unless the plaintiff therein shows that he is entitled thereto. *Garneau v. Port Blakely Mill Co.,* 20 Wash. 97, 54 Pac. 771; *National Surety Co. v. Bratnober Lumber Co.,* 67 Wash. 601, 122 Pac. 337.

The writ will not be issued.

MACKINTOSH, FULLERTON, MOUNT, MITCHELL, TOLMAN, PARKER, and HOLCOMB, JJ., concur.