[No. 22576. Department One. October 29, 1930.]

NATIONAL ASSOCIATION OF CREDITORS, INCORPORATED, *Appellant*, v. ANDREW GRASSLEY *et al.*, *Respondents*.[1]

[1]Reported in 292 Pac. 416.

*O. S. Galbreath,* for appellant.
*Kelly & MacMahon,* for respondents.

Tolman, J.—The appellant, as plaintiff, instituted this suit upon three causes of action, the first being an open account for labor and material amounting to $164.92 originally contracted with Stone & Trobridge, and duly assigned in writing, before the commencement of the action, to the plaintiff. The second cause of action was also an open account for labor and material, contracted with another, amounting to ten dollars, and likewise assigned. The third cause of action was a similar account, contracted with still another, in the amount of seventy dollars, and assigned in the same manner. The second cause of action was abandoned before trial. Issues were raised by general denials and by an affirmative defense to the first and third causes of action, and a trial was had before a jury, resulting in a verdict in favor of defendants and a judgment thereon, from which the plaintiff has appealed.

Respondents here move to dismiss the appeal, on the ground that the amount in controversy is less than two hundred dollars, it being argued that appellant admittedly took the assignments of the several causes of action for the purpose of collecting the claims. Respondents cite, in support of their motion, *Garneau v. Port Blakely Mill Co.,* 20 Wash. 97, 54 Pac. 771, and *Denison v. Denison,* 16 Conn. 34. The first case cited does not meet the present issue, and if the other case does, we cannot follow it.

Our statute, Rem. Comp. Stat., § 179, requiring every action to be prosecuted in the name of the real party in interest, has so often been construed so as to permit the person to whom the cause of action has been assigned for the purpose of collection, to maintain an action thereon, that authorities need not be cited. If, by such an assignment, the assignee obtains sufficient legal title to become the real party in interest for the purpose of prosecuting the action, he also has sufficient title to prosecute the appeal. To hold otherwise would be illogical, and we need pursue the subject no further; but see *Shannon v. Abrams,* 98 Kan. 26, 157 Pac. 449, Ann. Cas. 1918E, 502, and note following. The motion to dismiss is denied.

■ Appellant, by its assignments of error, complains of the instructions given, the ruling out of offered evidence, and the failure to grant a judgment, n. o. v., or to set aside the verdict of the jury, as being wholly unsupported by the evidence.

As to the instructions complained of, no exceptions thereto were taken, and they, however erroneous, became the law of the case.

■ During the course of the trial, appellant offered in evidence the affirmative answers of the respondents, and now contends that they contain admissions against interest, which were proper to go before the jury. The appellant did not advise the trial court of his purpose, and the court seems to have thought that the purpose was to avoid the rule forbidding the sending of the pleadings to the jury room. This misunderstanding, no doubt, was responsible for the ruling. On another trial, such an error will not occur, and, if offered, the affirmative answers will be admitted and appellant will be permitted to argue to the jury his theory of what the language therein used means.

It is doubtful if the affirmative answers presented full defenses to either cause of action, and, as we read the testimony of respondent Andrew Grassley, it presented no defense to the third cause of action, and a very doubtful defense to the first cause of action, which, with the most liberal interpretation, is incomplete, and leaves something owing. Thus, in legal effect, the evidence before the jury called for some recovery, and the verdict was not supported by any evidence in the case. Of course, appellant was not entitled to a judgment, n. o. v., for the full amount sued for, but on the motion for a new trial, the verdict should have been set aside.

The judgment is reversed, with instructions to grant a new trial.

MITCHELL, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.