[No. 35208. Department One. August 11, 1960.]

ROBERT ATKINSON, *a Minor, by his Guardian ad Litem, Donald Atkinson, Appellant,* v. THRIFT SUPER MARKETS, INC., *Respondent,* SOL G. LEVY *et al., Additional Respondents.*[1]

*Merkel & Cook,* for appellant.

*Preston, Thorgrimson & Horowitz,* for respondents.

MALLERY, J.—This is an appeal by the plaintiff from an order of dismissal upon the sustaining of a demurrer to his

[1] Reported in 354 P. (2d) 709.

complaint on the ground that it did not state facts sufficient to constitute a cause of action.

During the period from July, 1952, to June, 1955, the appellant, a member of the Retail Clerks International Union, Local No. 381, worked as a grocery clerk in respondent's store. The wages for the type of work performed by appellant were governed by a collective bargaining agreement between the union and the respondent. In his complaint, the appellant alleged that the respondent had paid him a wage which was less than that provided by the agreement. He asked a judgment for back pay in an amount which is the difference between the wage actually paid him and the union scale.

Two other similarly situated employees assigned their claims to the appellant and his complaint seeks recovery for these claims as well as his own.

The trial court's dismissal of the complaint was put upon the ground that the appellant admitted, in his complaint, that he had not complied with § VIII (3) of the agreement, which provides:

"No grievance or claim of violation of this Agreement shall be recognized unless presented in writing within ninety (90) days from the date of the occurrence causing the complaint or grievance except in cases where report of a grievance has been suppressed through coercion by the Employer."

 A collective bargaining agreement is governed by the established principles of contract law. 95 A.L.R. 15. A plaintiff, in order to maintain an action on a contract, must have complied with the conditions precedent contained therein. That is to say, a breach by a plaintiff of a material condition precedent relieves a defendant of liability under a contract. 2 Restatement, Contracts, 746, § 395; 3 Williston, Contracts, 1936, § 674; 6 Corbin, Contracts, 2, § 1252.

██ In his complaint, the appellant makes no claim of coercion nor does he assert any excuse for noncompliance with the agreement. A requirement that grievances be submitted in writing within ninety days is not against public

policy. We have so held in *Dunlap v. West Constr. Co.,* 23 Wn. (2d) 827, 162 P. (2d) 448.

■ Appellant's complaint, therefore, does not state a cause of action.

The judgment is affirmed.

WEAVER, C. J., OTT, and HUNTER, JJ., concur.

DONWORTH, J. (dissenting in part)—I concur with the majority in affirming the judgment of the trial court as to the dismissal of the first and third causes of action.

As to the second cause of action, in my opinion, this court has no jurisdiction to entertain this appeal. This cause of action is based on an assignment by Joseph W. Kosten to appellant of a claim for wages in the amount of $147.58. The only information in the record as to the nature of this assignment is contained in paragraph II of the second cause of action, which reads as follows:

"Prior to commencement of this action, Joseph W. Kosten duly and regularly assigned in writing to this plaintiff his claim against the defendant for wages due in the sum of $147.58 plus accrued interest."

The reasons for my opinion that we have no appellate jurisdiction of the second cause of action are stated in the dissenting opinion in *McDowell v. Farwest Garments,* 41 Wn. (2d) 412, 249 P. (2d) 372 (1952), where the pertinent decisions of this court are reviewed.

There is no allegation in the second cause of action that the assignment authorized appellant to bring suit on the claim in his own name and, the amount involved being less than $200, this court has no jurisdiction under our holding in *Smaby v. Shrauger,* 9 Wn. (2d) 691, 115 P. (2d) 967 (1941). But, even if the assignment did authorize appellant to sue on the claim in his own name, I would still dissent for the reasons stated in the dissenting opinion in the *McDowell* case.

Jurisdiction over the subject matter cannot be conferred by consent or by failure to object thereto. On the face of the record, we have no more power to review the action

of the trial court than does the House of Lords. We should act *sua sponte* in refusing to entertain the appeal as to the second cause of action. To do otherwise is to usurp functions which the people, in adopting Art. IV, § 4, of the state constitution, have denied us.