[No. 29612. Department One. October 11, 1945.]

GEORGE W. DUNLAP, *Appellant*, v. WEST CONSTRUCTION COMPANY, *Respondent.*[1]

*Oscar A. Zabel,* for appellant.

*J. Charles Dennis* and *John E. Belcher,* for respondent.

MILLARD, J.—Plaintiff appeals from a judgment of dismissal entered upon a challenge to the evidence at the close of his case, in the trial of an action involving the recovery of additional wages by plaintiff from defendant, based upon a written contract of the parties. The facts are as follows:

Appellant, an experienced power-shovel operator, entered into a written contract in the city of Seattle with respondent, a foreign corporation, which was engaged in the construction of an air base in Alaska. Appellant agreed as follows:

[1]Reported in 162 P. (2d) 448.

"I, the undersigned George W. Dunlap a resident of Seattle, Washington do hereby agree to serve on War Effort projects in Alaska for the WEST CONSTRUCTION COMPANY and/or the SEATTLE DISTRICT ENGINEERS and/or the OFFICER IN CHARGE OF ALASKA CONSTRUCTION, under the direction of and at the discretion of the West Construction Company, supervisors on the projects as Shovel Operator at a compensation of $2.00 per Hr. or the prevailing rate for this classification at the project on which I am employed, or in such other CAPACITY at such OTHER RATE as may be mutually agreeable with the company, supervisors at the project site, or the District Engineer and/or the OFFICER IN CHARGE OF ALASKA CONSTRUCTION and myself, for such length of time as my services may be required under the conditions of the agreement entered into between the WEST CONSTRUCTION COMPANY and THE INTERNATIONAL and LOCAL LABOR UNIONS."

Appellant worked as a shovel operator and was paid for forty hours' regular time and twenty hours' overtime at the rate of two dollars an hour. The remainder of the time he was in Alaska, he was employed as an oiler and was paid at the rate of $1.30 an hour. He claims the difference between what he was actually paid and two dollars an hour, plus bonus for combat zone service, or a balance of $1,-948.94.

When appellant arrived in Alaska, he discovered there were two shovels and seventeen operators. A short time after his arrival, two more shovels were delivered, but, he testified, since two shovels were out of repair most of the time, only two shovels were in fact operated. He testified that he was willing to work at anything else, but he would not work for less than two dollars an hour and the bonus to which he was entitled under his contract; however, he accepted the job of oiler at $1.30 an hour, which he agreed, as shown by the above-quoted contract provision, to accept.

Appellant left Seattle, March 27, 1943, and arrived in Alaska, April 11, 1943, from which time until June 1, 1943, he was employed by respondent. He departed from Alaska, June 11, 1943, and arrived in Seattle, June 19, 1943. Three or four days later, he called at respondent's office in Seattle and told respondent's president he was entitled to the bal-

ance of $1,948.94. Respondent's president informed appellant he knew nothing about the conditions and would have to communicate with his company's representative in Alaska, which would consume some time. Appellant testified that he never at any time gave a written notice of his claim, nor did he at any time file a written claim with respondent. Respondent's motion for a dismissal of the action was granted on the ground that all of the evidence in the case, without any dispute, disclosed that there was no basis for a recovery against respondent by appellant, in view of another provision of the contract which reads as follows:

"It is recognized that the services herein contracted to be performed are for the benefit and advantage of the United States Government and are required in the prosecution of the War. Accordingly, as an inducement to the contractor to enter into this contract and in consideration thereof, the employee agrees that he will, within 30 days after any claim arises, give a written notice to the contractor setting forth in detail the nature of any debt, claim, charge or cause of action growing out of or in any way relating to this contract or to the employment herein provided for; that he will file a written proof of claim within 30 days after the lapse of the aforesaid 30 day period; and that he will not institute any suit or action against the contractor in any court or tribunal in any jurisdiction for any debt, claim, charge, or cause of action prior to a date six months subsequent to the filing by the employee with the contractor of such a written and sworn proof of claim, nor later than one year after the claim arises. Such action or suit, if and when instituted, shall not include any claim for damages by reason of any debt, claim, charge, or causes of action not specifically mentioned in the aforesaid proof of claim. It is agreed by the employee that proof of his violation of any provision of this clause shall be a valid and complete defense by the contractor to any proceeding instituted in contravention of the provisions hereof, and shall constitute this agreement a valid release from the employee to the contractor of any cause of action not specifically set forth in said proof of claim."

When appellant arrived in Alaska, there was not sufficient work for the number of shovel operators who had been sent to the job, therefore, he was assigned to other

work at less pay, which he accepted. He returned to Seattle, June 19, 1943, and, within three or four days thereafter, he called at respondent's office and orally informed respondent that he was entitled to $1,948.94. He did not give a written notice of his claim to respondent, nor did he at any time file a written claim with respondent. Appellant agreed that his violation of that provision of his contract would constitute a valid and complete defense to any proceeding instituted under the contract.

It is true that appellant presented his claim to his attorney, who, four months after appellant's arrival in Seattle, wrote to respondent to the effect that appellant had placed in his hands his claim for balance of wages due in the amount of $1,948.94. Respondent's general manager talked to appellant's counsel over the telephone and asked for some details of the demand. Approximately two weeks later, appellant's counsel, by letter, informed respondent's general manager as to the hours appellant had been employed in Alaska and the number of days' payment to which he was entitled.

■■ Clearly, under his contract with respondent, appellant was not entitled to wages as a steam-shovel operator, having accepted, as he agreed to do, other employment at less compensation. Further, not having filed any written notice of his claim within the period required by the contract, his action is barred.

■ The contention of appellant that the condition of the contract with respect to filing a written notice of his claim was impliedly waived by respondent by negotiations, discussion, and efforts to arrive at a settlement immediately following appellant's return from Alaska to Seattle and until this action was commenced, is without substantial merit. The statement of respondent's officer to appellant, when he demanded payment upon his arrival in Seattle, that it would be necessary for respondent to communicate with those in charge of the work in Alaska, did not lull appellant into inaction. Respondent did not promise appellant anything. When respondent, by telephone in December, inquired of appellant's counsel when appellant began

and when he ceased work, there was no promise or suggestion of acquiescence on the part of respondent in appellant's demand. , Nothing was said or done by respondent which caused any loss to or expenditures by appellant, which in good conscience should bar the right of the respondent to plead the procedural provision in bar of the action. Appellant was not misled. There is no evidence, nor reasonable inference from evidence, that respondent waived or intended to waive any of the provisions of the contract, and there is no evidence that appellant was placed in any different position than he otherwise would have been placed on account of anything said or done by respondent.

The judgment is affirmed.

BEALS, C. J., STEINERT, SIMPSON, and MALLERY, JJ., concur.